## CIRCUIT COURT OF FAIRFAX COUNTY

Sotiri Ponirakis

v.

David K. Choi

v.

Jack D. Horton et al.

April 18, 2003

Case No. (Law) 174553

BY JUDGE KATHLEEN H. MACKAY

The Third-Party Defendant's Plea of Discharge came before me yesterday, April 17, 2003. Plaintiff, Sotiri Ponirakis originally brought a medical malpractice suit against Dr. David K. Choi and Dr. Jack D. Horton and Northern Virginia Cardiology Associates, P.C. In that case, John Brandt, Esquire, negotiated a release of all claims against his clients, Dr. Horton and Northern Virginia Cardiology. Ultimately, Dr. Choi was found liable to the Plaintiff and has sued Dr. Horton et al. for contribution. These Third-Party Defendants have filed a Plea of Discharge and it was this Plea that was argued on April 17, 2003.

For the reasons stated below, I am sustaining Third-Party Defendant's Plea. I agree with Judge Ellis in *Dacotah* that under Va. Code § 8.01-35.1 " 'good faith' is measured not by the 'reasonable range' rule but by the 'collusion or other tortious conduct' rule." *Dacotah Mktg. & Research, L.L.C. v. Versatility, Inc.*, 21 F. Supp. 2d 570, 577 (E.D. Va. 1998). Further, "the Supreme Court of Virginia has explicitly equated a good faith settlement with a settlement made

in the absence of fraud or collusion." *Id.* at 577 citing *Provident Fire Ins. Co. v. Union Trust Corp.*, 195 Va. 415, 421, 78 S.E.2d 584 (1953).

Further, I agree that, "[a] settlement motivated by tactical gain is not necessarily one in bad faith." *Id.* at 578 citing *Smith v. Monongolia Power Co.*, 429 S.E.2d 643 (W.Va. 1993).

As I stated in Court, given these general rulings, I found it hard to discern in *Dacotah* facts that led Judge Ellis to make the sweeping holding that there was present in that case "an alliance harmful to the nonsettling party," a holding that led to the Court's finding that the release was not negotiated in good faith. *Id.* at 579.

One can attempt to read between the lines in that case and see that the parties' interests in that case were very closely intertwined by virtue of their business transactions and the procedural posture of the case. Perhaps then, one can understand the Court's conclusion that, as a result of the release, two parties were ganging up on a third.

In addition, the *Dacotah* opinion describes a very active cooperation between the releasee and the releasor. The Plaintiff used the services of the Third-Party Defendant's lawyers. They exchanged documentary evidence and information adverse to the Defendant.

Here, Mr. Brandt's cooperation was, if not completely passive, active only in the most minimal sense. He talked to Plaintiff's counsel by phone. He advised his client, Dr. Horton, to cooperate with Plaintiff, but also told him that he might also be contacted by Defendant Choi's counsel. He advised his expert witnesses that he would prefer that they not talk to Defendant Choi, but he did not tell them to resist lawful process such as a subpoena.

I do not find these facts to be evidence of collusion or of tortious conduct. Mr. Brandt bargained competently for his client, and the Plaintiff did receive consideration in the process, as Mr. Brandt testified. I do not believe that the statute requires that a payment of money be a part of the settlement.

In summary, I believe that the Third-Party Defendant has walked the fine line between consideration and collusion.